

**Signed June 03, 2019.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JORGE QUIROZ HERNANDEZ, | § | CASE NO. 15-50173-RBK |
| | § | |
| DEBTOR | § | CHAPTER 7 |
| _____ | § | |
| | § | |
| MAGDALENA LOPEZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| VS. | § | ADVERSARY NO. 15-5028-RBK |
| | § | CONSOLIDATED WITH |
| JORGE QUIROZ HERNANDEZ, | § | ADVERSARY NO. 16-5004-RBK |
| ALEJANDRO QUIROZ-PEDRAZZI, | § | |
| GLOBAL Q INVESTMENTS, LLC, AND | § | |
| GRUPO 2+2, LLC, | § | |
| | § | |
| DEFENDANTS | § | |

**SUPPLEMENTAL OPINION FOLLOWING REMAND**

The Bankruptcy Code provides that a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is nondischargeable. 11 U.S.C. § 523(a)(4). In its original Judgment and Opinion, this Court concluded that a portion of Jorge Quiroz Hernandez's (hereinafter "Mr. Quiroz") debt to Ms. Lopez was not dischargeable under § 523(a)(4). *Lopez v. Hernandez (In re Quiroz Hernandez)*, No. 15-5028-RBK (Bankr. W.D. Tex. Jan. 13, 2017)

(ECF No. 78 & 79). On March 28, 2019, the District Court vacated the judgment and remanded this adversary proceeding, instructing this Court to use the "heightened standard for defalcation announced by the Supreme Court in Bullock." See *Lopez v. Hernandez*, 5:17-cv-286-DAE (Mar. 28, 2019) (citing ***Bullock v. BankChampaign, N.A.***, 569 U.S. 267, 277 (2013)). The Court makes these supplemental findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.

In *Bullock*, a father created a trust for the benefit of his children and named one of his sons as trustee. *Bullock,* 569 U.S. at 269. The trustee son borrowed money from the trust on three separate occasions, at least one of which was at the express direction of his father. *Id.* at 269–70. One of the loans was used to purchase a mill, and the trustee son repaid the loans at 6% interest. *Id.* The trustee son's brothers sued him in state court, and a judgment was entered against him. *Id.* The court created a constructive trust in both the trustee son's interest in the mill and the original trust and named BankChampaign as trustee over the assets. *Id.* The trustee son filed bankruptcy and attempted to obtain a discharge of the state-court debts to the trust, which the bank opposed. *Id.* The bankruptcy court held that the debts were nondischargeable under § 523(a)(4)'s defalcation exception. *Id.* The district court and court of appeals affirmed. *Id.* at 271.

The Supreme Court granted certiorari and clarified the requisite intent for holding a debt nondischargeable for defalcation. *Id.* After acknowledging that the dictionary definitions were "not particularly helpful," the Court turned to its own precedent in defining the terms "fraud" and "embezzlement." *Id.* at 272. Both offenses have a scienter requirement, and the Court held that defalcation should be treated similarly:

> "We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the

2

> equivalent . . . . Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty."

*Id.* at 273–74 (citing ALI, Model Penal Code § 2.02(2)(c), p. 226 (1985)).

In its original Opinion, this Court cited *Bullock* for the proposition that defalcation is a state of mind "involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Lopez*, No. 15-5028-RBK at *14 (ECF No. 78) (citing *Bullock*, 569 U.S. at 269). Based on the facts and evidence presented, this Court concluded that Mr. Quiroz violated fiduciary duties to Magdalena Lopez, and his actions amounted to defalcation while in a fiduciary capacity. This led the Court to hold that Ms. Lopez's loan of $271,270 was a nondischargeable debt under § 523(a)(4). In reviewing the facts and evidence of this case under *Bullock*, this Court again concludes that the $271,270 of Mr. Quiroz's debt to Ms. Lopez is nondischargeable under § 523(a)(4).

Ms. Lopez was required to establish that the parties were in a fiduciary relationship at the time the debt was created. *See* **Tex. Lottery Comm'n v. Tran (In re Tran)**, 151 F.3d 339, 342–43 (5th Cir. 1998). Based on the Supreme Court's decision in *Chapman* and subsequent narrowing of *Chapman* in *Davis*, a fiduciary relationship in this context is limited to express or technical trusts. *See id.*; *see also* **Angelle v. Reed (In re Angelle)**, 610 F.2d 1335, 1341 (5th Cir. 1980) (citing **Chapman v. Forsyth**, 43 U.S. 202, 207 (1840)). "The trustee must have been a trustee before the wrong and without reference thereto." **Davis v. Aetna Acceptance Co.**, 293 U.S. 328, 333 (1934).

The Fifth Circuit has clarified, despite other interpretations of *Chapman* and its progeny, that "it is entirely fair to charge contractors with intent to create a trust simply because they have entered into a contract governed by a statute." *Angelle*, 610 F.2d at 1340. Additionally, the Fifth

Circuit's opinion in *In re Schwager* clarifies that a partner's duties to other partners "fall squarely within" the definition of a fiduciary duty under § 523(a)(4). **In re Schwager**, 121 F.3d 177, 186 (5th Cir. 1997) (explaining the Fifth Circuit precedent in *Bennett* establishes that Texas law imposes trust obligations on partners, which meet the requirements under § 523(a)(4)); **LSP Inv. P'ship v. Bennett (In re Bennett)**, 989 F.2d 779, 787 (5th Cir. 1993).

A partnership was created under Texas law between Magdalena Lopez and Mr. Quiroz when they signed the Subscription Agreement on July 3, 2012. The parties intended to and did become partners, intended to share profits, had the right to participate in control of the partnership, and agreed to contribute to the partnership. *See* TEX. BUS. ORGS. CODE ANN. § 152.051(a) (West 2017).

The creation of the partnership was sufficient to trigger liability under § 523(a)(4). Liability is proper under *Bullock* based both on Mr. Quiroz's actions and his failure to act. Mr. Quiroz intended to breach his fiduciary duties to Ms. Lopez when he drew checks from the company to himself, paid his credit card balances with partnership funds, disbursed fees to himself in excess of his salary, and refused to disclose financial information to Ms. Lopez.

Even if Mr. Quiroz lacked the specific intent to breach his fiduciary duties, the Court in *Bullock* established that "where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty." *Bullock*, 569 U.S. at 273–74 (citing ALI, Model Penal Code § 2.02(2)(c), p. 226 (1985)). The evidence presented at trial established that Ms. Lopez requested financial information and balance sheets from Mr. Quiroz on several occasions, but he repeatedly refused to produce them. Instead, he misappropriated the funds that Ms. Lopez provided for the partnership to purchase personal

items and pay personal debts. Mr. Quiroz consciously disregarded a substantial and unjustifiable risk that his conduct would violate his fiduciary duties to Ms. Lopez. Therefore, the $271,770 that Magdalena Lopez lent or contributed to the partnership starting on October 2, 2012, is a nondischargeable debt under § 523(a)(4).

This Supplemental Opinion supplements the portion of this Court's original Opinion related to defalcation under § 523(a)(4). The remaining portions of the Court's original Opinion and Judgment remain effective. A Judgment Following Remand will be entered contemporaneously herewith.

# # #